AO 106 (Rev. 01/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of New York

| | |
|---|---|
| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched* | ) |
| *or identify the person by name and address)* | )   Case No.  1:18-mj- 218  (CFH) |
| 14 Franklin Street, Gloversville, New York 12172 | ) |
| | ) |
| | ) |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that there is now concealed on the following person or property located in the _____Northern_____ District of _____New York_____ *(identify the person or describe property to be searched and give its location)*:  14 Franklin Street, Gloversville, New York 12172, the SUBJECT PREMISES, including any vehicles on the property.  The SUBJECT PREMISES include the entire residence, all attached and unattached rooms, attics, basements, cellars, garages, and storage areas, safes, containers, trash areas, surrounding grounds and outbuildings

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:  See attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of ____21____ U.S.C. § ___841(a)(1)___ , and the application is based on these facts:  See Attached Affidavit

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Young Choi, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 24, 2018

_____
*Judge's signature*

City and state:  Albany, NY

Christian F. Hummel, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

IN THE MATTER OF THE SEARCH OF

14 FRANKLIN STREET, GLOVERSVILLE, NEW YORK 12172

Case No. 1: 18-mj-218 (CFH)

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Young Choi, being duly sworn, depose and state that:

### INTRODUCTION

1.      I am a Special Agent of the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since September of 2012.  I am a graduate of the Criminal Investigator Training Program at the Federal law Enforcement Training Center in Glynco, GA, and the ATF Special Agent Basic Training Program at the ATF National Academy also located in Glynco, Georgia.  Prior to my employment with ATF, I was a military prosecutor and military defense attorney, and most recently worked as a Traffic Safety Resource Prosecutor for the State of New York.  My current duties at ATF include, among others, the investigation of Federal firearm violations and related crimes.  My experience with ATF and previous employers include several felony investigations covering a wide range of subjects to include firearm related crimes.  I am a graduate of Colgate University and Albany Law School.

2.      I submit this affidavit in support of a search warrant application, made pursuant to Federal Rule of Criminal Procedure 41, to search the residence further described in Attachment A and located at 14 Franklin St, Gloversville, NY 12078 (the "SUBJECT PRMEISES") for evidence of violations of Title 18, United States Code § 922, including § 922(g), a felon in possession of a firearm and/or ammunition (as described in Attachment B).  Both Attachments A and B are incorporated herein by reference.

3.      I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews and review of reports by myself and/or other law enforcement agents, communication with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

4.      The information outlined below is provided for the limited purpose of establishing probable cause for a search warrant to search the Subject Property described in Attachment A for the items described in Attachment B, and does not contain all details or all facts known to me regarding this investigation.

## CRIMES UNDER INVESTIGATION

5.      I am investigating Kevin C. JOHNSON (DOB: 04/09/1962) for violations of 18 U.S.C. § 922, including 18 U.S.C. § 922(g) (Felon in Possession of a Firearm and/or Ammunition). That statute provides, in pertinent part, that it shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to receive, possess, or transport any firearm or ammunition in or affecting interstate or foreign commerce.

6.      JOHNSON was previously convicted on or about April 21, 2016, upon a plea of guilty, to Reckless Endangerment in the First Degree, in violation of New York Penal Law 120.25, a Class D Felony.  On June 17, 2016, JOHNSON was sentenced to 16 months to 4 years in state prison.  On July 17, 2017, JOHNSON was placed on parole with a maximum expiration of June 7, 2020.  As a result of this felony conviction, JOHNSON is prohibited from possessing firearms or ammunition under 18 U.S.C. § 922.  As a parolee, JOHNSON is currently under the supervision of the New York State Department of Corrections and Community Supervision ("DOCCS").  The terms and conditions of his parole, which JOHNSON has acknowledged in the presence of DOCCs

officers, include the requirement that JOHNSON permit any DOCCS officer to search and inspect his residence at any time day or night.

### PROBABLE CAUSE

7.        Between March 17 and 22, 2018, DOCCS determined that JOHNSON violated his terms and conditions of parole by, among other things, failing to notify his assigned DOCCs officer of police contact, consuming alcohol, and violating curfew.  Specifically, on March 19, 2018, DOCCS was notified by the Gloversville Police Department ("GPD") that, two days prior, GPD officers had responded to JOHNSON's DOCCS-approved residence[1], the SUBJECT PREMISES, and upon arrival discovered JOHNSON and a female resident Dorothy Zimmerman arguing.  Both appeared to be in an intoxicated state.  No arrests were made.  JOHNSON failed to disclose this police contact to DOCCS.  Additionally, DOCCS officers attempted several times to make contact with JOHNSON at his residence on March 22, 2018, but were unable to do so, even though JOHNSON was required to be at his approved residence between 8:00 pm and 7:00 am.

8.        On March 27, 2018, DOCCS officers made contact with JOHNSON at the SUBJECT PREMISES by entering the open front door, walking to the second floor, and encountering JOHNSON and Zimmerman engaged in an argument in the second floor apartment. According to DOCCS officers, the front door was completely open, which lead to a stairwell to the upstairs apartment door which was also open.  Upon entering the open front door, DOCCS officers made contact with JOHNSON who was at the top of the stairwell. After they had identified themselves, JOHNSON invited the DOCCS officers to enter the second floor apartment. JOHNSON repeatedly asked DOCCS officers to make Zimmerman leave as she was unwelcome.

---

[1] Fulton County records indicate that 14 Franklin St., Gloversville, NY has been owned by JOHNSON since 2015 (Tax ID 134.15-9-5).

Zimmerman then accused JOHNSON of drinking and smoking crack. DOCCS officers then administered a screening test on JOHNSON that came back positive for cocaine. JOHNSON was placed under arrest. He is currently in state custody pending a hearing on alleged parole violations.

9.      Following JOHNSON's arrest, DOCCS officers, assisted by GPD officers, searched JOHNSON's residence for contraband. DOCCS and GPD officers recovered, among other contraband, two 30-round AR-15/M-16 magazines used in AR-15/M-16 style rifles, and approximately 30 rounds of .223/5.56 ammunition commonly used in AR-15/M-16 style rifles. One magazine was located in plain view on a rafter in the attic, and a second magazine was also in plain view on a shelf inside the basement entrance inside a military- issue load-bearing vest. The vest also contained the above-referenced 30 rounds of 223/5.56 ammunition.

10.     DOCCS officers reported that they conducted a cursory search of the SUBJECT PREMISES because Zimmerman was behaving in an unruly manner, and there was a concern for officer safety. The entire residence was not searched thoroughly, to include insulation and drop ceiling areas of the house, among other spaces.

11.     According to DOCCS officers, JOHNSON lived on the second floor, but kept his belongings on both floors. On March 27, 2018, JOHNSON told DOCCS officers that he was moving his belongings downstairs to separate himself from Zimmerman who was staying with him temporarily, and that he had repeatedly gone back and forth from upstairs to downstairs moving his possessions. From outside the SUBJECT PREMISES, the first floor living space is padlocked, but JOHNSON was able to bring DOCCS officers and GPD officers to the first floor living space from inside the residence. DOCCS officers observed at that time that the door to the first floor apartment was not locked. Also, according to DOCCS and GPD officers, access to the basement

and attic was not hindered in any way by locks or other mechanisms, affording anyone in that residence the ability to access those areas.

12.     Based on my training and experience, and in the experience of other ATF Special Agents and State Troopers who are involved in this investigation, it is the usual and the customary practice for individuals who own firearms, particularly illegally, to maintain the firearms for extended periods of time.  It is also common that persons maintain custody and control of such firearms within their residence, vehicles, on their property, buried on their property, or on their persons for target shooting, self-defense, and criminal activities.  It is also my experience that persons who possess firearms usually possess other items related to it, to include:  cases, ammunition, ammunition magazines, ammunition reloading supplies, holsters, spare parts, cleaning equipment, photographs of theirs or similar types of firearms, documents relating to the purchase and/or ownership of these items and tools used in maintaining, repairing, or modifying firearms.

13.     Based on JOHNSON's criminal history,[2] and the fact that his 2014 felony conviction arose from an incident during which JOHNSON fired a firearm at another individual, and the fact that the magazines and the ammunition recovered from the SUBJECT PREMISES were specific to an AR-15/M-16 style rifle, I believe there is probable cause to believe that firearms may be located in the SUBEJCT PREMISES.

## CONCLUSION

14.     Based on my experience, training, and the totality of circumstances reflected by the above information, I believe there is probable cause to believe that JOHNSON has committed

_____

[2] JOHNSON also has a 2009 New York state misdemeanor conviction for Resisting Arrest, which was based on an arrest for Assault in the 3rd degree.

violations of Title 18, United States Code, § 922(g)(1), and that additional evidence, fruits, and

instrumentalities of such violation will be found at the Subject Property.  Thus, I respectfully

request a search warrant be issued to search the SUBJECT PREMISES described in Attachment

A for the items listed in Attachment B.


                                                         Young Choi
                                                         Special Agent
                                                         Bureau of Alcohol, Tobacco, Firearms and
                                                         Explosives (ATF)


Subscribed to and sworn to
Before me this 24 day of April, 2018


Hon. Christian F. Hummel
United States Magistrate Judge

## ATTACHMENT A

### Property to Be Searched

14 Franklin Street, Gloversville, New York 12172, the SUBJECT PREMISES, including any vehicles on the property. The SUBJECT PREMISES include the entire residence, all attached and unattached rooms, attics, basements, cellars, garages, and storage areas, safes, containers, trash areas, surrounding grounds and outbuildings.

The SUBJECT PREMISES contains a multi-level residential house with white colored siding and a driveway on the left side of the house. There is a front door on the left side of the house with a small porch roof over the front door. There is a wooden fence surrounding the back yard and one large tree in the front yard. A photograph of the SUBEJCT PREMISES is below.



**ATTACHMENT B**

**Particular Things to Be Seized**

Evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 922, including but not limited to:

1.  Firearms;

2.  Other weapons;

3.  Ammunition;

4.  Firearm parts, tools, tags, and accessories;

5.  Documents related to firearms and ammunition, such as receipts;

6.  Tactical equipment related to the possession of firearms and ammunition, such as tactical vests and cases used to store firearms;

7.  Documents showing ownership and identification of firearms and/or ammunition;

8.  Documents and information related to who rents, occupies, uses and accesses 14 Franklin St., Gloversville, New York;

9.  Evidence demonstrating Kevin JOHNSON'S use of and access to the 14 Franklin St., Gloversville, New York, including but not limited to any personal effects found in proximity to any firearms/ammunition, including mail items, documents, electronics, and prescription medicines.